His Honor, EMILE GODCITAUX,
rendered the opinion and decree of the Court, as follows:.
This is a suit by plaintiff, who conducts a bakery In New Orleans, for the balance due for bread which he claims to have sold on open account to defendant, who operates a grocery store in Jefferson Parish. The bread was delivered in two ways, part directly to defendant at or near his grocery store, and a part to defendant’s son, who called for it at plaintiff’s bakery shop in New Orleans. Defendant admits liability for the part delivered to him but denies owing or being in any way responsible *202 for that delivered to his son. The trial Court sustained this contention of defendant and plaintiff appeals.
Not only was the bread delivered in the manner above described, but it is further shown without contradiction that defendant’s son, apart from his father conducted a separate and distinct business, publicly in his own name, and that in connection with said business he resold the bread which he daily called for and received at plaintiff’s shop in New Orleans as aforesaid. And it is conceded that plaintiff kept separate tallies of the bread delivered to the father and to the son respectively, though he maintains that all the bread was charged to the father’s account on his books.
Outside of these uncontradicted or conceded facts which weigh against plaintiff (since, in the absence of other evidence, the price of an article is presumably chargeable to the person to whom it is delivered and by whom it is used), the .record is in hopeless conflict, the plaintiff, his books and his driver disclosing one state of facts, and the defendant, his books and his son another wholly inconsistent therewith.
The trial Court evidently placed reliance upon the former, and we think properly, for not only does the testimony of defendant and his witnesses strike us as more frank, consistent and convincing than that of plaintiff, but plaintiff’s account book upon which he greatly relies exhibits features which justify its being eliminated from consideration.
Moreover, plaintiff does not claim specific authority from defendant to charge to him the son’s account, but bases his right to do so upon an alleged course of dealing established by his predecessor in business, the existence of which is denied by defendant and bis son on the *203 one hand, and on the other is supported by plaintiff through hearsay evidence alone.
Opinion and decree, January 17th, 1916.
We find no reason to disturb the trial Court’s conclusions, and its judgment is affirmed.
Affirmed.